UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH WYATT, CDCR # AE-2425,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>C/O J. PINUELAS,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:16-cv-1553-GPC-DHB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

RALPH WYATT ("Plaintiff"), currently incarcerated at the California State Prison Substance Abuse Treatment Facility ("SATF") in Corcoran, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff's claims Correctional Officer Pinuelas failed to protect him from an attack by another inmate on March 27, 2015, while he was incarcerated at Calipatria State Prison. (*Id.* at 2.)

///

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.   Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his CDCR Inmate Statement Report, together with a certificate of funds certified by a prison official at SATF, as required 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 3-5; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff had no deposits to his account, carried no balance over the 6-month period preceding the filing of his Complaint, and had an available balance of zero at the time of filing. As a result, the Court declines to assess any initial partial filing at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  <u>Plaintiff's Allegations</u>

Plaintiff claims that on March 27, 2015, he was transported from administrative segregation to Calipatria's Facility C Yard dentist's office together with another inmate. Plaintiff contends he and the other inmate "were in separate cages" during the transport, and directed to sit in separate dental chairs by Correctional Officer Pinuelas when they arrived. Both complied, but when Pinuelas "left the two of them alone in an unsecured

area, with no other escorts," the other inmate attacked Plaintiff with a writing pen. (ECF No. 1 at 2.) Plaintiff claims he was "housed on a Sensitive Needs Yard (SNY)[,] a form of protective custody" at the time, and that his attacker was a "general population (GP) inmate." (*Id.*) When a dental assistant called for help, Plaintiff alleges Pinuelas "finally appeared," and "pulled the attacker off [him]." (*Id.* at 3.) Plaintiff contends Pinuelas failed to protect him in violation of the Eighth Amendment and caused him post-traumatic emotional distress. (*Id.* at 4-5.)

      C.      Cruel and Unusual Punishment

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's Complaint contains no facts to plausibly suggest that Correctional Officer Pinuelas knew Plaintiff faced a "substantial risk of serious harm" when he escorted Plaintiff to the dental office for treatment. *Id.* While Plaintiff claims he was a "SNY" inmate, and his attacker was a "GP" inmate (ECF No. 1 at 2), he alleges no additional facts from which the Court might reasonably infer, from these designations alone, that Pinuelas was aware or became aware that Plaintiff faced any risk, let alone a substantial one, either during the transport, or after the two inmates were separated and

1  left with dental personnel for treatment. *Id.*; *Iqbal,* 556 U.S. at 678; *see also Gaut v.*
2  *Sunn*, 810 F.2d 923. 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate
3  the Eighth Amendment); *Berg v. Kincheloe*, 749 F.2d 457, 459 (9th Cir. 1986) (deliberate
4  indifference requires showing of "more than a mere suspicion that an attack will occur.");
5  *Hernandez v. Schriro*, No. CV 05-2853-PHX-DGC, 2011 WL 2910710, at *6 (D. Ariz.
6  July 20, 2011) ("While theoretical risk is always possible, *Farmer* requires more—
7  'conditions posing a substantial risk of serious harm.'").

8        Plaintiff claims Pinuelas "should have known" that he would be at risk, and that he
9  had a duty to protect him from "any foreseeable danger that may arise." (ECF No. 1 at 3.)
10 However, such claims sounds merely in negligence, and Plaintiff alleges no other facts to
11 plausibly suggest Pinuelas was actually aware of any threat or circumstance that posed an
12 "obvious" risk to his safety. *Farmer*, 511 U.S. at 842, 835 ("[D]eliberate indifference
13 entails something more than mere negligence.") (citation omitted); *Whitley v. Albers*, 475
14 U.S. 312, 319 (1986) ("[O]rdinary lack of due care for the prisoner's interests or safety"
15 does not amount to "cruel and unusual punishment."); *Lemire v. California Department*
16 *of Corrections and Rehabilitation*, 726 F.3d 1062, 1082 (9th Cir. 2013) ("Even gross
17 negligence is insufficient to establish deliberate indifference [under the Eighth
18 Amendment].") (citation omitted); *Benavidez-Ruiz v. Villasenor,* No. EDCV 16-1838
19 PSG (JC), 2016 WL 7167927, at *3 (C.D. Cal. Dec. 7, 2016).

20       "Much like recklessness in criminal law, deliberate indifference . . . may be shown
21 by circumstantial evidence when the facts are sufficient to demonstrate that a defendant
22 actually knew of a risk of harm." *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir.
23 2003. Indeed, deliberate indifference may be established if Plaintiff had alleged facts
24 sufficient to "infer[] from circumstantial evidence" that "the risk was obvious," *Farmer*,
25 511 U.S. at 842; but he has alleged no such facts here. *See e.g., Cortez v. Skol*, 776 F.3d
26 1046, 1050 (9th Cir. 2015). Thus, even "[i]f [Pinuelas] should have been aware of the
27 risk, but was not," the standard of deliberate indifference is not satisfied "no matter how
28 severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002); *Dixon*

*v. Harrington*, No. 1:11-CV-01323-GBC PC, 2013 WL 28639, at *4 (E.D. Cal. Jan. 2, 2013) (finding claim that guard "fail[ed] to recognize" attacking inmate as plaintiff's enemy amounted to "no more than negligence, which is an insufficient basis upon which to predicate a § 1983 claim.").

For these reasons, the Court finds Plaintiff's failure to protect claims must be DISMISSED for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Leave to Amend

A pro se litigant must be given leave to amend his complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state an Eighth Amendment failure to protect claim against Correctional Officer Pinuelas as it is currently pleaded, it will provide him a chance to fix his pleading deficiencies, if he can, in light of the legal standards explained above. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in his account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

1  3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 13, 2016

Hon. Gonzalo P. Curiel
United States District Judge