UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH WYATT, CDCR #AE-2425,<br><br>                                    Plaintiff,<br><br>vs.<br><br>C/O J. PINUELAS,<br><br>                                    Defendant. | Case No.  3:16-cv-01553-GPC-DHB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

RALPH WYATT ("Plaintiff"), proceeding pro se, and while incarcerated at the California State Prison Substance Abuse Treatment Facility in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that Calipatria State Prison Correctional Officer Pinuelas failed to protect him from an attack by another inmate while he was incarcerated there in March 2015. (ECF No. 1 at 2.)

**I.    Procedural Background**

On December 13, 2016, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), but dismissed his Complaint sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (ECF No. 3). Specifically, the Court found Plaintiff failed to allege facts sufficient to

show he faced a "substantial risk of serious harm" or that Defendant Pinuelas acted with "deliberate indifference" to that risk. (*Id.* at 5, citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).) The Court also granted Plaintiff 45 days in which to file an Amended Complaint that cured these pleading deficiencies. (*Id.* at 7, citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (noting that leave to amend should be granted when complaint is dismissed sua sponte under § 1915 "if it appears at all possible that the plaintiff can correct the defect.").)

Plaintiff was explicitly warned that should he fail to amend within the time granted, the Court would "enter a final Order dismissing this civil action based both on his failure to state a claim upon which § 1983 relief can be granted … and his failure to prosecute in compliance with a court order requiring amendment." (ECF No. 3 at 8, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court's December 13, 2016 Order. Plaintiff has filed no Amended Complaint; nor has he requested an extension of time in which to do so. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

## II.  Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's December 13, 2016 Order (ECF No. 3).

///

1 | The Court further **CERTIFIES** that an IFP appeal would not be taken in good
2 | faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final
3 | judgment of dismissal and to close the file.
4 | **IT IS SO ORDERED**
5 | Dated:  March 9, 2017

Hon. Gonzalo P. Curiel
United States District Judge